UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTEO ANELLO,

     v.                                                                **DECISION AND ORDER**
                                                                     09-CV-715S

CITY OF NIAGARA FALLS, ET AL.,

                          Defendant.


Presently before this Court is Plaintiff's motion in limine seeking to preclude any evidence of Plaintiff's brother's criminal conviction and incarceration. (Docket No. 84.) Plaintiff has also requested that Defendants' "audience member" witnesses be precluded from testifying at trial. (Docket No. 97.) Also before this Court is Defendants' motion in limine seeking various forms of relief. (Docket No. 93.) For the reasons that follow, Plaintiff's motion in limine is granted as unopposed; Plaintiff's request to preclude Defendants' witnesses is denied; and Defendants' motion in limine is granted in part, denied in part, and deferred in part.

Defendants do not oppose Plaintiff's motion to exclude evidence of his brother's criminal conviction and incarceration as unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. See Docket 98 (referencing Defendants' lack of opposition to Plaintiff's motion). Plaintiff's motion is therefore granted.

Plaintiff further requests that Defendants' "audience witnesses" be precluded from testifying about what they observed on the night in question. Plaintiff's undeveloped argument simply states that their testimony "is irrelevant and inappropriate" because the video shows the audience reaction. This is not, however, a basis to preclude the testimony

of witnesses to the events at issue. Plaintiff's request is therefore denied. Plaintiff's alternative request to depose these witnesses at this late date, without any explanation or justification for why the depositions were not previously conducted, is denied.

In their motion, Defendants seek eight forms of relief as follows: (1) to limit presentation of the recorded council meeting; (2) to preclude a video entitled "Mafia in Niagara Falls"; (3) to preclude hospital and medical records; (4) to preclude evidence of compensatory damages; (5) to preclude unspecified deposition testimony; (6) to preclude evidence of "Robert's Rules of Order"; (7) to preclude Witness Bob Serpa and strike Plaintiff's Witness List; and (8) to preclude Plaintiff from identifying City of Niagara Falls as a defendant. Each request is resolved in turn.

First, Defendants seek to limit presentation of the DVD containing footage from the October 22, 2007 council meeting. Defendants maintain that the DVD should be stopped at 2 minutes and 23 seconds, because that is the point at which Plaintiff was directed to stop speaking. The balance of the footage, Defendants argue, is relevant only to Plaintiff's false arrest claim, which was dismissed on summary judgment. Plaintiff requests that the entire DVD be presented for context and in support of damages.

At this point, Defendants' request to limit presentation of the DVD footage is deferred until trial. Without the benefit of the trial testimony and other trial evidence, this Court is hampered in making a pretrial ruling on the relevance and probative value of the portion of the DVD footage in dispute.

Second, Defendants seek to preclude a video entitled "Mafia in Niagara Falls," which is also referred to in the papers as "Amico Nostro." Plaintiff intends to introduce this video to show that one of the defendants — Plaintiff does not identify which one — "has

2

a business selling mafia tapes which promote anti-Italian bias." Introduction of this video would apparently refute a claim by this unidentified defendant that he could not hear what was said during the incident at issue once he "heard anti-Italian words." Given that Plaintiff has failed to identify the defendant at issue and has wholly failed to make a cogent argument that this video is relevant to any disputed issue in this case, Defendants' motion to preclude this video is granted.

Next, Defendants seek to preclude Plaintiff from introducing hospital and medical records into evidence on the basis that Plaintiff has failed to identify the specific records he seeks to rely on at trial. Plaintiff's generic description of the records as "Niagara Falls Memorial Hospital records of injury and other medical records" is insufficient. Plaintiff shall file an amended exhibit list identifying with specificity what hospital and medical records he may offer at trial. Unless Plaintiff can make a good-faith argument of relevance, hospital and medical records relating to Plaintiff's arrest should be excluded. Plaintiff shall file his amended exhibit list by July 28, 2014. Failure to identify the individual hospital and medical records with specificity could lead to preclusion at trial. The admissibility of individual hospital and medical records will be resolved at trial.

Fourth, Defendants seek to preclude Plaintiff from introducing evidence of compensatory damages on the basis that Plaintiff has not produced an itemized statement of such damages, including special damages, as required by this Court's pretrial order. Plaintiff shall produce such a statement by July 28, 2014. Failure to produce the statement, which shall include sufficient identification and particularization of compensatory damages, could lead to preclusion of such evidence at trial.

Next, Defendants seek to preclude Plaintiff from introducing unspecified deposition

transcripts at trial.  Plaintiff responds that he will only be using deposition transcripts, if necessary, for impeachment of witnesses on cross-examination.  (Docket No. 99, p. 5.) This is satisfactory to Defendants.  (Docket No. 100, p. 4.)  Defendants' request is therefore moot.

Sixth, Defendants seek to preclude Plaintiff from introducing "Robert's Rules of Order" into evidence on relevancy grounds.  Plaintiff does not intend to offer this evidence at trial.  (Docket No. 99, p. 6.)  Defendant's request is therefore moot.

Seventh, Defendants seek to preclude Bob Serpa from testifying at trial and further seek to strike Plaintiff's Witness List for failure to include a sufficient summary of each witness's expected trial testimony.  Defendants maintain that Serpa's connection to this case is limited to "his hearsay knowledge of an alleged comment that Defendant Anderson made about somebody else." (Docket No. 100, p. 10.) Defendants seek to preclude Serpa from testifying on relevancy and hearsay grounds.  It is not clear, however, that Serpa's involvement is as limited as Defendants make it seem.  Plaintiff maintains that Serpa's testimony will be broader than the statement about Anderson.  Had Plaintiff complied with the order to provide a summary of witness testimony, this Court might be in a position to rule on Defendants' request.  But given Plaintiff's failure to do so, this Court must defer ruling until trial.  Plaintiff shall file an amended Witness List by July 28, 2014, to include sufficient summaries of each witness's testimony.  Plaintiff's failure to do so could result in the preclusion of Plaintiff's witnesses.

Finally, Defendants seek to preclude Plaintiff from identifying City of Niagara Falls as a defendant in this action on the basis that Plaintiff has abandoned any claim of municipal liability.  Plaintiff has not responded to this argument.  On the basis that Plaintiff

failed to articulate a basis for municipal liability in his summary judgment opposition and now again fails to respond to this aspect of Defendants' motion, Defendants' motion is granted and Plaintiff's claims against the City of Niagara Falls are deemed abandoned. See Tinnin v. Section 8 Program of the City of White Plains, 706 F. Supp. 2d 401, 408 n. 5 (S.D.N.Y. 2010) (finding abandonment for failing to oppose an argument); Frontera v. SKF USA, Inc., 2010 WL 3241123, at *10 (W.D.N.Y. Aug. 16, 2010) (granting summary judgment on the basis of abandonment where the plaintiff failed to respond to the defendant's arguments).

    IT HEREBY IS ORDERED, that Plaintiff's Motion in Limine (Docket No. 84) is GRANTED as unopposed.

    FURTHER, that Defendants' Motion in Limine (Docket No. 94) is GRANTED in part, DENIED in part, and DEFERRED in part.

    FURTHER, that Plaintiff's request to preclude Defendants' witnesses (Docket No. 97) is DENIED.

    FURTHER, that the submissions by Plaintiff ordered herein are due by July 28, 2014.

    SO ORDERED.

Dated:    July 18, 2014
            Buffalo, New York

                                          /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                              Chief Judge
                                    United States District Court